## ENEU v. CLARK.

1. If a feme give a warrant of attorney to confess judgment on her bond, and afterward marries, judgment may be entered against husband and wife.
2. The practice is to move the court for leave on filing an affidavit of the facts and a declaration, and unless loss would accrue, to give notice also to the husband; but that was not required in this case.

*Feb.* 25.—Motion to enter a judgment against a husband and wife, on warrant of attorney given by a feme before marriage.

*C. Fallon,* for the motion, referred to Hartford *v.* Mattingley, 2 Chitty, 117; Anon., 1 Show. 91; Madder *v.* Lee, 3 Burr. 1469; Sheble *v.* Cummins, 1 Browne, 253. From these cases it appears the practice is to enter the judgment on motion and affidavit of the marriage: and in Berring *v.* Burnett, in the District Court, January 6th,

1845, a declaration was required. These have all been complied with. [*Curiam.*—Has notice been given to the husband?] It has not, and we may loose our execution or lien if it be required; the husband may move to set it aside. [*Curiam.*—Take your motion; if the husband has a defence, your proceeding is a nullity.]

*Feb.* 27.—A motion was made to open the judgment.

*Feb.* 28. *St. George Campbell* and *Naylor* for the rule.—Defendant has offered and is willing to pay the amount of the judgment, if the other securities will be assigned. We appear on behalf of subsequent execution creditors having the money ready. The debt in this case is secured by a mortgage, and the party should either resort to the land, or, taking our security, give us his. Second, But the judgment is wrongfully entered; the better rule is that the warrant is avoided by the marriage, and the party is put to his suit; it is so decided, Anon., 1 Salk. 399, and there is a dictum on p. 117 to the same effect. Clancy, 152, says, this is more in accordance with principle, and that the cases in 1 Show. and Salk., contrà, are against the present practice. 2 Roper, Husband and Wife, 68, and 2 Chitty, 117, are to the same effect. [*Rogers*, J.—Why should the voluntary act avoid a power coupled with an interest?] The debts are contracted by the marriage, but the power is not given; at all events, we are willing to pay, if such justice is done as the court would have compelled in the first instance.

*Fallon*, with whom was *F. W. Hubbell*, contrà.—There are no merits here; the husband received the money raised on this mortgage; these are not in question here, but the regularity of our proceeding, which is sustained, besides the cases cited on the motion, by Lofft, 530. [*Curiam.*—Not the best authority.] Staples v. Mercer, 3 M. & Scott, 800; S. C., 2 Dowl.; Troub. Tidd, 600; 2 Chitty, Archb. 689; 1 Paine and Duer, 609; Beering v. Burnet, D. C. 4 L. J. 185, fully argued and considered. These all agree on the modern practice.

*March* 19. ROGERS, J.—It is not to be disguised that there is a conflict of authorities as to the point raised, namely : whether a subsequent marriage revokes a power of attorney to confess a judgment against a feme ? In an anonymous case, 1 Salk. 399, decided on a dictum in 1 Salk. 111, it is ruled, that if a woman, dum sola, execute a warrant of attorney to confess a judgment, and afterwards marry before the judgment is entered, the warrant is countermanded, and shall not be entered against husband and wife. In 1 Salk. 111, also anonymous, already cited, it is ruled, that if a warrant be given to a

woman, dum sola, who afterwards marries, it will not be revoked by her subsequent marriage. Aliter, says the judge, if a feme sole gives a warrant of attorney and marries. This is the foundation of the dictum, and the only authority for the case cited. The reason given for the distinction is, that in the former case it would charge the husband, in the latter it is for his advantage. With every respect, I am not satisfied with the distinction, or the reasons given for it, for the court have evidently proceeded on the ground that the only thing worthy of regard is the interest and convenience of the husband. But it seems to me some respect must be paid to the rights of the obligee, who unquestionably has an interest in the early entry of the judgment, an interest which can neither be defeated nor impaired by the voluntary act of the obligor and another, who chooses to enter into a contract of marriage. I know of no case, certainly none has been cited, where one party to a contract has been permitted to infringe it at his own will and pleasure. It would be obviously contrary to every received principle of right. If it be a power uncoupled with an interest, as for example to collect debts, a subsequent marriage, with notice, will amount to a revocation : confounding this plain distinction, lies at the root of the mistake into which the court, in 1 Salk., has fallen. Mr. Richardson, in his treatise on the practice of the King's Bench, 325, appears to have been struck with the injustice of this consequence of a subsequent marriage, and subjoins a quære, whether the judgment can be entered up so as to be a judgment at the time she was sole, though really signed after marriage ? But the suggestion, for obvious reasons, has not been acted on, but the courts, in modern cases, have acted more wisely by overruling the case in 1 Salk. In 1 Shower, 91, it is stated to be the practice to enter up judgment against husband and wife, where a warrant has been given by her before marriage. The point is ruled in the same manner in Lofft, R. 530; Hartford v. Matingly, 2 Chitty, 114; 3 Moore and Scott, 800; 2 Dowling, 764; and in James Beering v. L. W. Burnet and Charlotte his wife, late Charlotte White, 4 Law Journ. When a bond and warrant of attorney is given by a woman, dum sola, and she afterwards marries, the proper practice is to obtain leave to enter up judgment against husband and wife, on motion accompanied with an affidavit of the facts, and afterwards to file a declaration. It is said that judgment ought not to be entered against the husband, because it charges him, and that he has given no warrant for that purpose. It is true he has given no express authority, but the authority is implied from the fact of marriage, a voluntary act of his own. The husband is entitled to the personalty of the feme, and takes her, cum onere, subject to all her debts, contracts, engage-

ments, and liabilities. He has a full equivalent for any duties the law imposes on him. The argument proves too much, for the husband gives no express warrant for suits against her, yet no person will deny he subjects himself to suit for debt, and that he must, during coverture, make good her contracts. The truth is, it is a question of practice, and to my mind the recent decisions are most consonant to principle and convenience. The practice is, not to enter up judgment without leave of the court, and if done without leave, the judgment will be set aside. I would also suggest, that when it can be done without risk, it would be better to give notice to the husband before judgment is entered, although, in the cases ruled, this would seem not to have been required.